UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THE STATE OF CALIFORNIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-081 |
| | ) | |
| ABANOOB ABDEL-MALAK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff has filed what he captions as a "Notice of Removal and Petition for Writ of Habeas Corpus and Petition for Writ of Mandamus/Prohibition and Petition for Removal, Notice of Petition; and, Verified Petition for Warrant of Removal." Doc. 1. Setting aside the nearly incomprehensible title, the filing seeks the removal of a case from a California Superior Court and an injunction against the state of California preventing it from compelling plaintiff to take psychiatric medication. *See generally, id.* He has also filed motions requesting assignment of this case to a three-judge panel, doc. 2, an emergency stay and temporary restraining order, doc. 3, and leave to proceed *in forma pauperis* (IFP), doc. 6. After reviewing his application to proceed IFP, it

appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** him leave to proceed IFP. Doc. 6. As the removal is procedurally inadequate, the Court recommends that the cases be **REMANDED**.[1] The remaining motions are **TERMINATED** with freedom to refile pending the disposition of this recommendation by the district judge.  Doc. 2; doc. 3.

Plaintiff has provided virtually no information on the case he seeks to remove to this court beyond that it was initiated with the Superior Court of California for the County of San Bernardino. Doc. 1 at 3. This limited detail is sufficient to establish that any removal to this Court is inappropriate. Removal of both civil and criminal cases is limited to "the district court of the United States for the district and division embracing the place where such [action or prosecution] is pending." 28 U.S.C. §§ 1441(a), 1446(a), & 1455(a). No reference has been made to a claim

---

[1] Because the pleadings are styled, at least nominally, as a "notice of removal," the Court makes clear that no such "removal" is appropriate. Such clarity is warranted because removal is potentially an event of jurisdictional significance. *See*, *e.g.*, *Ackerman v. Exxon Mobile Corp.*, 734 F.3d 237, 249 (4th Cir. 2013) (effective removal, "deprives the state court of further jurisdiction over the removed case and . . . any postremoval actions taken by the state court in the removed case are void ab initio." (citation omitted)). The defects in the pleading, however, are sufficiently egregious that, rather than "remanding" the case, the pleadings might simply be dismissed as frivolous.

brought against petitioner in any state court within the geographic boundaries of this District. Therefore, the proper venue for petitioner's notice is the Central District of California. 28 U.S.C. § 84(c).

Additionally, petitioner's notices are incomplete. Notices of removal must comply with Federal Rule of Civil Procedure 11 and include "cop[ies] of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. §§ 1446(a) & 1455(a). Plaintiff has provided no charging instrument, complaint, or proof of service. The only documents offered in support of the removal are two forms related to a psychological evaluation and a notice that plaintiff is not permitted to possess a firearm. Doc. 1-1. As the notice of removal is inadequate and was improperly filed in this district, the case should be **REMANDED** to the Superior Courts of California. *See Lomax v. Florida*, 472 F. App'x. 902, 902–03 (11th Cir. 2012) (where removal was improper, the district court lacks subject matter jurisdiction and should remand the case pursuant to 28 U.S.C. § 1447(c)).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 21th day of June, 2021.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA